David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:                          CASE No. 09-13181

                                CHAPTER 11

HOSAIN AZIZIAN, and
FATEMEH H. AZIZIAN,

                                DEBTORS' CHAPTER 11
_____DEBTORS._____/      PLAN OF REORGANZIATION

        HOSAIN AZIZIAN and FATEMEH H. AZIZIAN, Debtors herein, propose

the following Plan pursuant to Chapter 11 of the Bankruptcy Code:

                        ARTICLE I

                        DEFINITIONS

        For purposes of the Plan, the following terms shall have the

meanings hereinafter set forth:

        1.01.    Allowed claim shall mean a Claim (a) in respect of

which a Proof of Claim has been filed with the Court within the

applicable period of limitation fixed by Rule 3001, or (b)

scheduled in the list of creditors prepared and filed with the

Court pursuant to Rule 1007(b) and not listed as disputed,

contingent or unliquidated as to amount, in either case as to which

no objection to allowance thereof has been interposed with any

applicable period of limitation fixed by Rule 3001, or by Order of

the Court, or as to which any such objection has been determined

1

which is no longer subject to appeal or certiorari and as to which no appeal or certiorari proceeding is pending.

1.02.  <u>Allowed Secured Claim</u> shall mean the Allowed Claim secured by a lien, security interest or other charge against the property in which Debtor has an interest, or which is subject to setoff under Section 553 of the Code to the extent of the value (determined in accordance with 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtors' interest in such property or to the extent of the amount subject to such setoff, as the case may be.

1.03.  <u>Claim</u> shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against Debtors in existence on or as of the Petition Date, whether or not such right to payment or right to equitable remedy is reduced to judgment, liquidated, undisputed, legal, secured, unsecured, known or unknown.

1.04.  <u>Class</u> shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to Article III.

1.05.  <u>Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims, Class 8 Claims, Class 9 Claims, Class 10 Claims, Class 11 Claims, Class 12 Claims, Class 13 Claim, and Class 14 Interests</u> shall mean Allowed Claims and Interests so classified in Sections 3.01 through 3.14 respectively.

1.06.  <u>Bankruptcy Code</u> shall mean the Bankruptcy Code, 11 U.S.C. section 101, et seq., and any amendments thereof.

1.07.  <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court for the Northern District Of California in which

Case: 09-13181   Doc# 34   Filed: 02/26/10   Entered: 02/26/10 12:54:00   Page 2 of 13

the Debtors' Chapter 11 case, pursuant to which the Plan is proposed, is pending and any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

1.08.    Confirmation Date shall mean the date upon which the Order of Confirmation is entered by the Court.

1.09.    Debtors means the Debtors in this Chapter 11 case.

1.10.    Market rate of Interest means the Federal Judgment Rate in effect on the Confirmation Date or such other rate of interest as the Court determines at the time of confirmation.

1.11.    Order of Confirmation means the Order entered by the Bankruptcy Court confirming the "Plan" in accordance with provisions of Chapter 11 of the Bankruptcy Code.

1.12.    Petition Date means September 29, 2009, the date of the filing of the voluntary petition.

1.13.    Plan means this Chapter 11 Plan, as may be amended or modified in accordance with the Code.

1.14.    Rules means Bankruptcy Rules, as amended and supplemented by the Suggested Interim Bankruptcy Rules, as adopted by the Court.

ARTICLE II

EXPENSES OF ADMINISTRATION

2.01.    Administrative expenses of Debtors' Chapter 11 case allowed pursuant to Section 503(b) of the Code shall be paid in full at the Confirmation Date unless otherwise Ordered by the Court, in cash, or upon such other terms as may be agreed upon by the holder of such claims and Debtors. Any fees due the U.S. Trustee and unpaid on the Confirmation Date shall be paid in full on or before the Confirmation Date.

3

ARTICLE III

CLASSIFICATION OF CLAIMS

The Claims are classified as follows:

3.01.     Class 1 Claims.      Allowed claims entitled to priority pursuant to Section 507 of the Code.

3.02.     Class 2 Claims. Allowed secured claim of the County of Marin based upon the secured tax roll and secured by real property.

3.03.     Class 3 Claims. Allowed secured claim of the County of Solano based upon the secured tax roll and secured by real property.

3.04.     Class 4 Claims. Allowed secured claim of the County of Sacramento based upon the secured tax roll and secured by real property.

3.05.     Class 5 Claims. Allowed secured claim of Washington Mutual secured by real property located at 6 Via El Verano, Tiburon, California.

3.06.     Class 6 Claims.      Allowed secured claim of Citi Mortgage secured by real property located at 6 Via El Verano, Tiburon, California.

3.07.     Class 7 Claims.  Allowed secured claim of Aurora Loan Services secured by real property located at 13 Margory Court, Novato, California.

3.08.     Class 8 Claims.  Allowed secured claim of Bank of Marin secured by real property located at 13 Margory Court, Novato, California.

3.09.     Class 9 Claims.  Allowed secured claim of Bank of America secured by real property located at 8838 Phoenix Ave., Fair

Oaks, California.

3.10. <u>Class 10 Claims.</u> Allowed secured claim of Golden Security Bank secured by real property located at 1985 Broadway, Vallejo, California.

3.11. <u>Class 11 Claims.</u> Allowed secured claim of Redwood Credit Union secured by a 2004 Mercedes Benz SL55.

3.12. <u>Class 12 Claims.</u> Allowed secured claim of Redwood Credit Union secured by a 2007 Infiniti SUV.

3.13. <u>Class 13 Claims.</u> Allowed claims of creditors other than those holding allowed Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims, Class 8 Claims, Class 9 Claims Class 10 Claims, Class 11 Claims, Class 12 Claims and Class 14 Interests, including, but not limited to, creditors whose claims may arise out of the rejection of executory contracts and secured creditors to the extent that the Court finds the same unsecured in whole or in part.

3.14. <u>Class 14 Interests.</u> Allowed interests of Debtors.

ARTICLE IV

CLAIMS NOT IMPAIRED UNDER THE PLAN

4.01. There are no Classes unimpaired under the Plan.

ARTICLE V

TREATMENT OF IMPAIRED CLASSES OF CLAIMS

5.01. <u>Class 1 Claims are impaired.</u> Holders of allowed Class 1 Claims shall be paid in equal monthly installments of principle and interest at the statutory rate, over sixty (60) consecutive months commencing on the effective date of the Plan.

5.02. <u>Class 2 Claims are impaired.</u> Holders of allowed Class 2 claims shall be paid under a five year plan as provided by

5

state law. Debtors shall enter into the five year plan on the effective date. Such holders shall retain their interest in the collateral.

5.03. <u>Class 3 Claims are impaired.</u> Holders of allowed Class 3 claims shall be paid under a five year plan as provided by state law. Debtors shall enter into the five year plan on the effective date. Such holders shall retain their interest in the collateral.

5.04. <u>Class 4 Claims are impaired.</u> Holders of allowed Class 4 claims shall be paid under a five year plan as provided by state law. Debtors shall enter into the five year plan on the effective date. Such holders shall retain their interest in the collateral.

5.05. <u>Class 5 Claims are impaired.</u> Holders of allowed Class 5 claims shall be paid pursuant to the terms of the Note. Any pre-confirmation defaults shall be cured in sixty equal monthly installments commencing on the effective date of the Plan. Such holders shall retain their interest in the collateral.

5.06. <u>Class 6 Claims are impaired.</u> Holders of allowed Class 6 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a thirty year full amortization. Such holders shall retain their interest in the collateral.

5.07. <u>Class 7 Claims are impaired.</u> Holders of allowed Class 7 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated

Case: 09-13181    Doc# 34    Filed: 02/26/10    Entered: 02/26/10 12:54:00    Page 6 of 13

and payable based upon a thirty year full amortization. Such holders shall retain their interest in the collateral to the extent perfected.

    5.08. <u>Class 8 Claims are impaired.</u> Holders of allowed Class 8 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a thirty year full amortization. Such holders shall retain their interest in the collateral.

    5.09. <u>Class 9 Claims are impaired.</u> Holders of allowed Class 9 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a thirty year full amortization. Such holders shall retain their interest in the collateral.

    5.10. <u>Class 10 Claims are impaired.</u> Holders of allowed Class 10 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a thirty year full amortization. Such holders shall retain their interest in the collateral.

    5.11. <u>Class 11 Claims are impaired.</u> Holders of allowed Class 11 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a sixty (60) month full amortization. Such holders shall retain their interest in the collateral.

    5.12. <u>Class 12 Claims are impaired.</u> Holders of allowed

Case: 09-13181   Doc# 34   Filed: 02/26/10   Entered: 02/26/10 12:54:00   Page 7 of 13

Class 12 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a sixty (60) month full amortization. Such holders shall retain their interest in the collateral.

5.13.   Class 13 Claims are impaired. Holders of allowed Class 13 claims shall be paid the aggregate sum of $42,000 on a prorata basis and payable in 72 monthly installments together with interest at the Federal Judgment Rate.

5.14.   Class 14 Interests are impaired. Holders of allowed Class 14 Interests shall retain such interests subject to the terms of the Plan.

ARTICLE VI

TREATMENT OF EXECUTORY CONTRACTS

6.01.   Executory Contracts Assumed. Debtors assume the dealer agreement with Valero.

ARTICLE VII

MEANS FOR THE PLAN'S EXECUTION

7.01.   Debtors shall take over the operation of the gas station and market at 1985 Broadway St., Vallejo, California from H. Azizian, Inc. and operate same as a proprietor or limited liability company. Said operation will produce sufficient revenue to make the payments as provided in this Plan

7.02.   Debtors shall commence payments to holders of secured claims as provided herein on the effective date of the Plan.

7.03.   Debtors shall commence payments to holders of allowed Class 13 Claims on the effective date of the Plan.

7.04.   The following payments shall be made directly by co-

8

obligors:

a.    Payments to holders of Class 7 and 8 Claims and payments to holders of Class 2 Claims to the extent related to real property located at 13 Margory Ct., Novato, California shall be made by Taghieh Eslambolchizad;

b.    Payments to holders of Class 4, 9 and 12 Claims shall be made by Neda Azizian; and

c.    Payments to holders of Class 11 Claims shall be made by Navid Azizian.

7.05.    No party shall take any action against the Debtors, their assets, or assets of the estate inconsistent with the terms of the within Plan.

7.06    Debtors may bring motions to determine the secured interest of any secured class pursuant to Section 506 of the Code at any time before or after confirmation of the Plan.

7.07.    The Debtors shall comply with post confirmation reporting requirements to the U.S. Trustee and payment of U.S. Trustee fees post confirmation until entry of Final Order as required by law.    Nothing contained in the Plan shall impose or expand the requirements for reporting and payment of fees as set forth by statute and/or case law.    In the event the case is converted to a case under Chapter 7, the assets shall revest in the Chapter 7 estate.

7.08.    Any sale or refinance of property as provided herein may be made free and clear of liens as provided in the Code.    The Court shall specifically reserve jurisdiction to implement the Plan, to approve sale of property, and to direct such sale of property free and clear of lien where necessary or appropriate.

9

1    7.09.  Debtors reserve rights to object to any claim filed in

2 the case and to assert any and all counterclaims against any party

3 filing such a claim.

ARTICLE VIII

RETENTION OF JURISDICTION

6    8.01.    Notwithstanding Confirmation of the Plan, the Court

7 shall retain jurisdiction for, inter alia, the following purposes:

8        1.   Determination of the allowability of claims upon

9 objection to such claims by the Debtors based upon any provision of

10 law, including, but not limited to any right of set off,

11 counterclaims, statute of limitations, and any and all defenses

12 thereto;

13        2.   Determination of the validity, priority and extent

14 of liens under any applicable provision of law, including, but not

15 limited to Rules of Professional Conduct;

16        3.   Determination of requests for payment of claims

17 entitled to priority under Bankruptcy Code Section 507(a)(1),

18 including compensation of parties entitled thereto;

19        4.    Determination of any counter claims against any

20 party filing a claim in the case.

21        5.   Resolution  of  any  disputes  regarding  the

22 interpretation of the Plan;

23        6.   Implementation of the provisions of the Plan and

24 entry of Orders in aid of confirmation of the Plan, including

25 without limitation, appropriate orders to protect the Debtors from

26 creditor actions, approval of sale of property, orders for sale

27 free and clear of liens and interests;

28        7.   Modification of the Plan pursuant to Section 1127 of

Case 09-13181   Doc# 34   Filed: 02/26/10   Entered: 02/26/10 12:54:00   Page 10 of
13

Title 11;

8.    Determination of reasonableness of any attorneys fees and charges claimed by any creditor;

9.    Avoidances of avoidable transfers pursuant to the Bankruptcy Code and recovery of improper post petition transfers, and any reserved cause of action;

10.    Determination of secured status, extent of secured status, and Debtors' right to recover expenses from property securing claim pursuant to Bankruptcy Code Section 506;

11.    Enforcement of all stipulations entered into by the Debtors in possession and Orders and Judgments made by the Court;

12.    Collection of any sums due the Debtors from other parties or from any other source;

13.    Determination of rights and causes of action reserved to the Debtors as provided herein; and

14.    Any and all claims for misrepresentation, fraud and breach of contract as to Gasmart, LLC of Boulder, CO

15.    Entry of final decree.

ARTICLE IX

EFFECT OF CONFIRMATION

9.01.    Confirmation of the Plan shall have the effect set forth in Bankruptcy Code Section 1141.  The rights afforded herein, and the treatment of all claims and interests as set forth herein, shall be in full exchange for, and in complete satisfaction, discharge and release of, all claims and interests of any kind or nature whatsoever, whether known or unknown, matured or contingent, liquidated or unliquidated, existing, arising or accruing, whether or not yet due, prior to the Effective Date, including without

11

limitation any claims or interest on claims, accruing on or after the commencement of the case against the Debtors, the estate, or assets or property thereof. Except as, and to the extent, expressly provided in the Plan or the Confirmation Order, at all times on and after the Effective Date, (a) all such claims against, and interests in, the Debtors or the estate shall be deemed fully and finally satisfied, discharged and released; (b) all persons shall be fully and finally barred, enjoined and precluded from asserting against the reorganized Debtors or their assets, any claims or interests based upon act or omission, transaction, agreement, right, privilege, duty, entitlement, obligation or other event or activity of any kind or nature whatsoever that occurred prior to the Effective Date; and (c) all claims and interests shall be fully and finally discharged as provided in said Section 1141 of the Bankruptcy Code.

ARTICLE X

ALTERATION OF RIGHTS OF THIRD PARTIES

10.01. Except as expressly stated in the Plan, nothing contained in the Plan or any action taken hereunder alters the rights of holders of claims or interests under Bankruptcy Code Sections 510(a) or 524(a). Except as expressly stated in the Plan, holders of secured claims shall retain their liens on the Debtors' assets to the extent of the allowed amount of such claim.

ARTICLE XI

MISCELLANEOUS

11.01. Notice. All notices required or permitted to be made in accordance with the Plan or by the Code shall be in writing and shall be delivered personally, or by First Class mail:

Case 09-13181   Doc# 34   Filed: 02/26/10   Entered: 02/26/10 12:54:00   Page 12 of 13

a.   To Debtors:
                              David N. Chandler
                              David N. Chandler, p.c.
                              1747 Fourth Street
                              Santa Rosa, CA 95404

                    b.    To the Holder of an Allowed Claim, at the
address set forth in the Allowed Proof of Claim, or if none, at the
address set forth in the Schedules prepared and filed with the
Court pursuant to Section 1007(b).

     11.02.   <u>Effective Date.</u>  For purposes of all determinations
to be made pursuant to the Bankruptcy Code in respect to the Plan
or any Claim or Interest, the "effective date" of the Plan shall be
sixty (60) days following the date the Order of Confirmation
becomes final.

     11.03.   <u>Reservation of Rights.</u>  Neither the filing of this
Plan nor any statement or provision contained herein, shall be or
be deemed to be an admission against interest.

                          ARTICLE XII

                      CONFIRMATION REQUEST

     12.01.   HOSAIN AZIZIAN and FATEMEH H. AZIZIAN, Debtors
herein, request Confirmation of the Plan pursuant to Section
1129(b) of the Bankruptcy Code.

Dated:    2/26/10              DAVID N. CHANDLER, p.c.


                              By: <u>*/s/David N. Chandler*</u>
                              DAVID N. CHANDLER,
                              Attorney for Debtors


                               13