```
 1  David N. Chandler, Sr.   SBN 60780
    David N. Chandler, Jr.   SBN 235427
 2  DAVID N. CHANDLER, p.c.
    1747 Fourth Street
 3  Santa Rosa, CA  95404
    Telephone: (707) 528-4331
 4
    Attorney for Debtors
 5
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: | CASE NO. 09-13181 |
|---|---|
| HOSAIN AZIZIAN, and<br>FATEMEH H. AZIZIAN, | CHAPTER 11 |
| DEBTORS.             / | DISCLOSURE STATEMENT |

A. INTRODUCTION.

Hosain Azizian and Fatemeh H. Azizian, Debtors herein, hereafter referred to as "Debtors" submit this Disclosure Statement to all of their known creditors and interest holders entitled to same pursuant to section 1125 of the United States Bankruptcy Code 11 U.S.C. section 101, et seq. ("the bankruptcy code"). The purpose of this Disclosure Statement is to provide creditors of the debtors with such information as may be deemed material, important and necessary in order to make a reasonably informed decision in exercising the right to vote on the Debtors' Chapter 11 Plan(the "Plan") described below. The Debtors' Chapter 11 Plan has been filed with this Court.

NO REPRESENTATIONS CONCERNING THE DEBTORS (INCLUDING THE VALUE OF ASSETS, ANY PROPERTY AND CREDITORS CLAIMS)INCONSISTENT WITH ANYTHING CONTAINED HEREIN HAVE BEEN AUTHORIZED. Except as otherwise expressly stated, the portions of this Disclosure Statement describing the Debtors and the Plan have been prepared from

1

information obtained from the Debtors.

Under the Plan, all Secured claims, to the extent allowed as secured claims pursuant to 11 U.S.C. Section 506, and to the extent of the validity of the security interest is determined by the Court and not otherwise avoidable will be paid. Unsecured claims shall be paid from monthly rents received, after payment of secured claims and allowed expenses of administration. The Debtors project that the amount to be distributed under the Plan to holders of allowed unsecured claims will exceed that distributable in Chapter 7.

A Chapter 7 liquidation could take up to three years before distribution is made, if any, and additional Administrative expenses would be incurred. Tax consequences of liquidation, expenses of sale, professional fees and trustee's fees are administrative expenses in a Chapter 7 liquidation and paid before prepetition claims are paid. Administrative expenses of Chapter 11 are also paid prior to payment of prepetition claims. The Liquidation Analysis shows that unsecured creditors would not receive a distribution on liquidation of the assets.

The Debtors' Plan provides for payments on claims secured by consensual liens on the real property from the rent receipts. Estimated distribution to allowed unsecured claims is 100% but is dependent upon the allowed amount of unsecured claims which Debtors believe is overstated in the Schedules. The Debtors' opinion of liquidation value of the assets is set forth in Exhibit A hereto. Based upon Debtors' estimated liquidated value and expenses of liquidation, unsecured creditors would receive approximately 40% upon liquidation under Chapter 7 assuming the values of the real estate hold at Debtors' current estimation of value.

2

B.  **FILING OF REORGANIZATION CASE**.

On September 29, 2009, the Debtors filed their petition pursuant to Chapter 11 of the Bankruptcy Code. Since that time the Debtors have remained in possession of the property as debtors in possession.

Following confirmation of the Plan, Debtors intend to continue renting the properties.

C.  **MANNER OF VOTING**.

All creditors entitled to vote on the Plan may cast their votes for or against the Plan by completing, dating, signing and causing the Ballot Form accompanying this Disclosure Statement to be sent to the Debtors' counsel prior to the date set by the Court for the filing of such ballots.

D.  **CONFIRMATION OF THE PLAN**.

1.  **Solicitation of Acceptance**.

This Disclosure Statement has been approved by the Bankruptcy Court in accordance with section 1125 of the bankruptcy code and is provided to each creditor whose claim has been scheduled by the Debtors or who has filed a Proof of Claim against the Debtors and to each interest holder of record as of the date of approval of this Disclosure Statement. The Disclosure Statement is intended to assist creditors and interest holders in evaluating the Plan and in determining whether to accept the Plan. Under the bankruptcy code, acceptance of the Plan may not be solicited unless a copy of this Disclosure Statement is received prior to or concurrently with such solicitation.

2.  **Persons Entitled to Vote on Plan**.

Only the votes of Classes of claimants and interest holders

which are impaired by the Plan are counted in connection with confirmation of the Plan. Generally and subject to the specific provisions of bankruptcy code section 1124, this includes creditors who, under the Plan, will receive less than payment in full of their creditor's claims.

In determining acceptance of the Plan, votes will only be counted if submitted by a creditor whose claim is duly scheduled by the debtors, as undisputed, non-contingent and unliquidated, or who, prior to the hearing on confirmation, has filed with the court a Proof of Claim which has not been disallowed or suspended prior to computation of the votes on the Plan. The Ballot form which you receive does not constitute a Proof of Claim. If you are in any way uncertain whether or not your claim has been correctly scheduled, you should review the Debtors' schedules which are on file in the Bankruptcy Court. The clerk of the Bankruptcy Court will not provide this information by telephone.

3. <u>Hearing on Confirmation of the Plan.</u>

The Bankruptcy Court will set a hearing to determine whether the Plan has been accepted by the requisite number of creditors and interest holders and whether the other requirements of confirmation of the Plan have been satisfied. Each creditor and interest holder will receive, either with this Disclosure Statement or separately, the Bankruptcy Court's Notice of Hearing on Confirmation of the Plan.

4. <u>Acceptance Necessary to Confirm Plan.</u>

At the scheduled hearing, the Bankruptcy Court must determine, among other things, whether the Plan has been accepted by each impaired Class. Under bankruptcy code section 1125 an impaired

4

Class is deemed to have accepted the Plan if at least two thirds in amount and more than one-half in number of the allowed claims or interest of Class members who have voted to accept or reject the Plan have voted for acceptance of the Plan.  Further, unless there is unanimous acceptance of the Plan by an impaired Class, the Bankruptcy Court must also determine that under the Plan Class members will receive property of a value, as of the effective date of the Plan, that is not less than the amount that such Class members would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on the effective date of the Plan.

      5.   <u>Confirmation of the Plan Without Necessary Acceptance</u>.

The Plan may be confirmed even if it is not accepted by one or all of the impaired Classes, if the Bankruptcy Court finds that the Plan does not discriminate unfairly against and is fair and equitable as to such Class or Classes.

A.   <u>DESCRIPTION OF DEBTOR AND HISTORICAL BACKGROUND</u>.

Debtors own and operate a gas station in Vallejo, California. Prior to the 1988 purchase of the gas station, Debtor Hosain Azizian owned a gas station in San Francisco which he purchased in 1975.

Debtors both work the business and have since 1988.  The business was thriving until the City of Vallejo re-routed Highway 37 to an overpass near Debtors' business, thereby removing the volume of traffic Debtors once benefitted from.  In concert with the diversion of traffic, the downturn in the economy has adversely impacted Debtors' business.

Debtors are knowledgeable in the industry and are confident in their future ability to successfully operate their business.

5

B.  THE PLAN.

The Plan divides claims and interests into fourteen (14) classes. The classes consist of the following:

<u>Class 1 Claims.</u>  Allowed claims entitled to priority pursuant to Section 507 of the Code.

3.02.    <u>Class 2 Claims.</u> Allowed secured claim of the County of Marin based upon the secured tax roll and secured by real property.

3.03.    <u>Class 3 Claims.</u> Allowed secured claim of the County of Solano based upon the secured tax roll and secured by real property.

3.04.    <u>Class 4 Claims.</u> Allowed secured claim of the County of Sacramento based upon the secured tax roll and secured by real property.

3.05.    <u>Class 5 Claims.</u> Allowed secured claim of Washington Mutual secured by real property located at 6 Via El Verano, Tiburon, California.

3.06.    <u>Class 6 Claims.</u>  Allowed secured claim of Citi Mortgage secured by real property located at 6 Via El Verano, Tiburon, California.

3.07.    <u>Class 7 Claims.</u> Allowed secured claim of Aurora Loan Services secured by real property located at 13 Margory Court, Novato, California.

3.08.    <u>Class 8 Claims.</u> Allowed secured claim of Bank of Marin secured by real property located at 13 Margory Court, Novato, California.

3.09.    <u>Class 9 Claims.</u> Allowed secured claim of Bank of America secured by real property located at 8838 Phoenix Ave., Fair

6

Oaks, California.

 3.10. <u>Class 10 Claims.</u> Allowed secured claim of Golden Security Bank secured by real property located at 1985 Broadway, Vallejo, California.

 3.11. <u>Class 11 Claims.</u> Allowed secured claim of Redwood Credit Union secured by a 2004 Mercedes Benz SL55.

 3.12. <u>Class 12 Claims.</u> Allowed secured claim of Redwood Credit Union secured by a 2007 Infiniti SUV.

 3.13. <u>Class 13 Claims.</u> Allowed claims of creditors other than those holding allowed Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims, Class 8 Claims, Class 9 Claims Class 10 Claims, Class 11 Claims, Class 12 Claims and Class 14 Interests, including, but not limited to, creditors whose claims may arise out of the rejection of executory contracts and secured creditors to the extent that the Court finds the same unsecured in whole or in part.

 3.14. <u>Class 14 Interests.</u> Allowed interests of Debtors.

 The Plan treats the classes as follows:

 1. <u>Class 1 Claims are impaired.</u> Holders of allowed Class 1 Claims shall be paid in equal monthly installments of principle and interest at the statutory rate, over sixty (60) consecutive months commencing on the effective date of the Plan.

 2. <u>Class 2 Claims are impaired.</u> Holders of allowed Class 2 claims shall be paid under a five year plan as provided by state law. Debtors shall enter into the five year plan on the effective date. Such holders shall retain their interest in the collateral.

 3. <u>Class 3 Claims are impaired.</u> Holders of allowed Class 3 claims shall be paid under a five year plan as provided by state

7

law. Debtors shall enter into the five year plan on the effective date. Such holders shall retain their interest in the collateral.

    4.  <u>Class 4 Claims are impaired.</u> Holders of allowed Class 4 claims shall be paid under a five year plan as provided by state law. Debtors shall enter into the five year plan on the effective date. Such holders shall retain their interest in the collateral.

    5.  <u>Class 5 Claims are impaired.</u> Holders of allowed Class 5 claims shall be paid pursuant to the terms of the Note. Any pre-confirmation defaults shall be cured in sixty equal monthly installments commencing on the effective date of the Plan. Such holders shall retain their interest in the collateral.

    6.  <u>Class 6 Claims are impaired.</u> Holders of allowed Class 6 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a thirty year full amortization. Such holders shall retain their interest in the collateral.

    7.  <u>Class 7 Claims are impaired.</u> Holders of allowed Class 7 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a thirty year full amortization. Such holders shall retain their interest in the collateral to the extent perfected.

    8.  <u>Class 8 Claims are impaired.</u> Holders of allowed Class 8 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a thirty year full amortization. Such holders shall retain

8

their interest in the collateral.

9. <u>Class 9 Claims are impaired.</u> Holders of allowed Class 9 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a thirty year full amortization. Such holders shall retain their interest in the collateral.

10. <u>Class 10 Claims are impaired.</u> Holders of allowed Class 10 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a thirty year full amortization. Such holders shall retain their interest in the collateral.

11. <u>Class 11 Claims are impaired.</u> Holders of allowed Class 11 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a sixty (60) month full amortization. Such holders shall retain their interest in the collateral.

12. <u>Class 12 Claims are impaired.</u> Holders of allowed Class 12 claims shall be paid an amount equal to such holders interest in the Debtors' interest in the collateral in monthly installments of principle and interest at a market rate calculated and payable based upon a sixty (60) month full amortization. Such holders shall retain their interest in the collateral.

13. <u>Class 13 Claims are impaired.</u> Holders of allowed Class 13 claims shall be paid the aggregate sum of $42,000 on a prorata basis and payable in 72 monthly installments together with interest at the

9

Federal Judgment Rate.

14. <u>Class 14 Interests are impaired.</u> Holders of allowed Class 14 Interests shall retain such interests subject to the terms of the Plan.

THE PLAN PROVIDES FOR THE MEANS OF EXECUTION AS FOLLOWS:

1. Debtors shall take over the operation of the gas station and market at 1985 Broadway St., Vallejo, California from H. Azizian, Inc. and operate same as a proprietor or limited liability company. Said operation will produce sufficient revenue to make the payments as provided in this Plan

2. Debtors shall commence payments to holders of secured claims as provided herein on the effective date of the Plan.

3. Debtors shall commence payments to holders of allowed Class 13 Claims on the effective date of the Plan.

4. The following payments shall be made directly by co-obligors:

    a. Payments to holders of Class 7 and 8 Claims and payments to holders of Class 2 Claims to the extent related to real property located at 13 Margory Ct., Novato, California shall be made by Taghieh Eslambolchizad;

    b. Payments to holders of Class 4, 9 and 12 Claims shall be made by Neda Azizian; and

    c. Payments to holders of Class 11 Claims shall be made by Navid Azizian.

5. No party shall take any action against the Debtors, their assets, or assets of the estate inconsistent with the terms of the within Plan.

6. Debtors may bring motions to determine the secured

10

interest of any secured class pursuant to Section 506 of the Code at any time before or after confirmation of the Plan.

7. The Debtors shall comply with post confirmation reporting requirements to the U.S. Trustee and payment of U.S. Trustee fees post confirmation until entry of Final Order as required by law. Nothing contained in the Plan shall impose or expand the requirements for reporting and payment of fees as set forth by statute and/or case law. In the event the case is converted to a case under Chapter 7, the assets shall revest in the Chapter 7 estate.

8. Any sale or refinance of property as provided herein may be made free and clear of liens as provided in the Code. The Court shall specifically reserve jurisdiction to implement the Plan, to approve sale of property, and to direct such sale of property free and clear of lien where necessary or appropriate.

9. Debtors reserve rights to object to any claim filed in the case and to assert any and all counterclaims against any party filing such a claim.

IV

The assets and liabilities of the Debtors are set forth in the Debtors' Schedules, on file with the Court. The Proponents believe that the terms of the Plan are feasible, and that they will be able to perform under the Plan. The Debtors request confirmation of the Plan.

Dated:   2/14/10                      /s/ Hosain Azizian
                                      Hosain Azizian, Debtor

Dated:   2/14/10                      /s/ Fatemeh Azizian
                                      Fatemeh Azizian, Debtor

LIQUIDATION ANALYSIS

| Asset | Value | Encumbrance | Net |
|---|---|---|---|
| 4950 Ross Rd. Sebastopol, CA | $2,980,000 | $3,435,000 | -0- |
| Account Receivable | 110,000 | -0- | 110,000 |
| Trailer | 1,000 | -0- | -0- |
| Office equip. | 1,000 | -0- | 1,000 |
| Audio System | 500 | -0- | 500 |
| Tractor/attachments | 18,000 | 18,000 | -0- |
| Winery Equipment | 150,000 | -0- | 150,000 |
| Bulk wine | 165,000 | -0- | 165,000 |
| Lab Equip. | 500 | -0- | 500 |
| | | | $427,000 |

```
Net Liquidation Value                427,000

    Expenses of Adm. (Est.)
      Attorney fees  $53,000
      Accounting      16,000
      Trustee         24,500
    Brokerage
      Inventory       16,500
    Tax on Sale        4,300
    Priority          23,000      (137,300)
                                  $292,700
```