```
David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | Case No. 09-13181 |
| HOSAIN AZIZIAN, and<br>FATEMEH H. AZIZIAN, | Chapter 11 |
|    DEBTORS.             / | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONFIRMATION OF PLAN<br>Date:  August 11, 2010<br>Time:  10:00 a.m.<br>Place: 99 South E St.<br>       Santa Rosa, CA |

    Hosain and Fatemeh Azizian, Debtors herein submit the following Memorandum of Points and Authorities in support of confirmation of their proposed Chapter 11 Plan:

    1.   <u>The Absolute Priority Rule is inapplicable to individual Chapter 11 cases</u>.

    After passage of BAPCPA, the Absolute Priority Rule does not apply to individual Chapter 11 debtors. <u>In re Shat</u> (Bktrcy.D.Nv.2010) 424 B.R. 854. Before 2005, the majority view was that the Absolute Priority Rule prevented an individual debtor from keeping exempt property or a business unless unsecured creditors were paid in full. The Rule often prevented debtors from confirming a plan in Chapter 11 cases. Id.

    BAPCPA, however, modified the Absolute Priority Rule to provide that individual debtors "may retain property included in the estate." "Included" means, not only property which is added to the estate under

Section 1115, but also property specified under Section 541. The reason is because, although Section 1129(b)(2)(B) makes a direct reference only to Section 1115, the latter Section itself references and incorporates Section 541.

Both BAPCPA's modifications to the Code and Congressional Intent support a broader reading of Section 1129(b)(2)(B) such that it applies to all property of the estate and has the effect of exempting individual debtors from the Absolute Priority Rule. 11 U.S.C. § 1129(b)(2)(B)(ii); see also 11 U.S.C. § 1115; In re Shat, supra, 424 B.R. 854, in accord In re Bullard (Bktrcy.D.Conn.2007) 358 B.R. 541, In re Tegeder (Bkrtcy.D.Neb.2007) 369 B.R. 477, In re Roedemeier (Bkrtcy.D.Kan.2007) 374 B.R. 264, In re Johnson (Bktrcy.N.D.Ind.2009) 402 B.R. 851, 852-53, stating in dicta: "An individual debtor's plan does not need to satisfy the absolute priority rule..."

    2.  <u>The Plan is feasible</u>.

Section 1129(a)(11) provides that the Court shall confirm a plan if, amongst other things, the plan is feasible. 11 U.S.C. § 1129(a)(11). "Feasibility" does not mean certainty. It is enough that the plan has a reasonable probability of success. Although the "feasibility" standard has been interpreted as excluding "visionary schemes," the *possibility* of failure is not fatal. See, e.g., In re Acequia, Inc. (9th Cir. 1986) 787 F.2d 1352, 1364-65; In re North Valley Mall, LLC (Bktrcy.C.D.Cal.2010) __ B.R. __, WL 2632017; Hobson v. Travelstead (D.Md.1998) 227 B.R. 638, 651. "The Code does not require the debtor to prove that success is inevitable or assured, and a relatively low threshold of proof will satisfy § 1129(a)(11) so long as adequate evidence supports a finding of feasibility." In re North Valley Mall, LLC, supra, WL 2632017.

1    The evidence will show that the Debtors' continued operation of
2 the gas station will produce sufficient revenue to pay expenses of
3 operation and to service the secured classes as well as to fund a
4 dividend to unsecured creditors.  The operation of the station is not
5 dependant upon the cleanup of the contamination of the real property.
6 Clean up efforts are in progress and monitored as required by law.
7    The valuation of the real property collateral of the objecting
8 creditor will determine the payment.  Based upon available evidence
9 the payment will be between $1,400.00 and $3,800 per month.
10    The Debtors have demonstrated that the location can produce
11 revenue and the evidence is ample that the business operation makes
12 the proposed plan feasible.
13 Dated:    7/20/10                    DAVID N. CHANDLER, p.c.

15                                      By: */s/ David N. Chandler*
                                         DAVID N. CHANDLER,
16                                       Attorney for Debtors