UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HOSAIN and FATEMEH AZIZIAN,  No. 09-13181

                        Debtor(s).
_____/

Memorandum re Plan Confirmation
_____

      Chapter 11 debtors Hosian and Fatemeh Azizian own and operate a small gas station and convenience store in Vallejo, California. Prior to bankruptcy, their business suffered due to re-routing of the local highway resulting in more difficult access by motorists.

      The Azizian's Second Amended Plan meets all the requirements of § 1129(a) of the Bankruptcy Code except § 1129(a)(8) because the Class 10 claimant, Golden Security Bank, has rejected the plan. The issue before the court is whether the plan is fair and equitable to the Bank so that it may be confirmed notwithstanding the Bank's rejection pursuant to § 1129(b)(2)(A).

      The Plan calls for the Bank to retain its lien on the gas station premises to the extent it is secured. It is to receive monthly payments of principal and interest at the rate of 7%, amortized over a 30-year period and all due an payable ten years after confirmation. The Bank objects that the debtors undervalue its security and that the interest rate is too low.

      Based on a sound appraisal and testimony by a broker with a great deal of experience in valuing and marketing gas stations, the Azizians value the gas station at $200,000.00 to $250,000.00 .

1

These experts held up well during cross-examination, and the court found them forthright as persuasive. They justified the value based on the condition of the property, the current income being generated by the property and the need for remediation of environmental contamination.

The Bank produced an expert who valued the gas station at $880,000.00. While the court found him highly qualified to appraise gas stations, his value was based on general market data rather than actual information regarding this particular property. He was hired by the Bank because the Bank did not like the results of an earlier appraisal it had commissioned. He also did not take into account the environmental contamination. Based on all of the evidence presented, the court finds that the value of the gas station is $250,000.00.

With scant evidence on the issue, the Azizians urge an interest rate of 7%, based on the rate the Small Business Administration would charge. The Bank urges a rate of about 9.5%, based on the current prime rate plus appropriate risk factors. However, since then the Azizians have amended the plan to call for full payment in ten years instead of thirty years as originally proposed. After considering the testimony of the Bank's expert and the appropriate risk factors, including the risks associated with the contamination problems and the lack of any equity, the court finds that an interest rate of 8.75% is necessary to make the plan fair and equitable to the Bank.

For the foregoing reasons, the court finds that the plan will be confirmed if amended to provide that the Bank will have a secured claim of $250,000.00 and shall be paid interest at the rate of 8.75%. If the Azizians so amend their plan within 10 days after entry of this Memorandum, maintaining the other provisions of their second amendment, they may submit an order confirming the plan as amended.

Dated: September 22, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

2